UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MATTHEW J. CANNON                                                CIVIL ACTION

VERSUS

OFFICER B. TAYLOR, ET AL.                                NO.: 15-00621-BAJ-SCR

RULING AND ORDER

Before the Court is Defendant Sheriff Sid J. Gautreaux, III's ("Defendant") **Motion to Dismiss (Doc. 3)**, seeking an order from this Court pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), dismissing Plaintiff Matthew J. Cannon's ("Plaintiff") claims against him for failure to state a claim upon which relief can be granted. The Motion is unopposed. Jurisdiction is proper pursuant to 28 U.S.C. § 1331. Oral argument is not necessary.

I.   BACKGROUND

Plaintiff, a *pro se* litigant, commenced the instant action in the 19th Judicial District Court of the Parish of East Baton Rouge on August 5, 2015. (Doc. 1-2). On September 15, 2015, the action was removed to this Court on the grounds of federal question jurisdiction. (Doc. 1). Plaintiff filed this action against Officer B. Taylor, Chief of Police David McDavid, City of Zachary, Sheriff Gautreaux, John Doe, agents and/or employees of the Zachary Police Department[1], and John Doe, agents and/or employees of the East Baton Rouge Parish Sheriff's Department (collectively

---

[1] Plaintiff identifies the Zachary Police Department as City of Zachary Police. For accuracy and consistency, the Court will refer to the Police Department as Zachary Police Department.

"Defendants"), seeking damages for the Defendants' alleged violations of the Plaintiff's constitutional rights under 42 U.S.C. § 1983. (Doc. 1-2). Plaintiff also alleged state law claims for negligence, excessive force, assault and battery by officers, intentional infliction of emotional distress, false arrest, false imprisonment, malicious prosecution, discrimination, jail or prison abuse, and age discrimination. (Doc. 1-2 at 5).

Plaintiff alleges that on August 5, 2014, he and an unidentified individual were arrested and charged for theft of goods, resisting an officer, interference with a police investigation, and expired vehicle license. (Doc. 1-2 at 2). At the time of the arrest, Plaintiff alleges that an unidentified officer, John Doe 1[2], of the Zachary Police Department[3], instructed Plaintiff to turn off his vehicle. (Doc. 1-2 at 3). However, Plaintiff alleges that when he advanced toward his vehicle, a second unidentified officer of the Zachary Police Department, John Doe 2, pushed him down against the driver's side of his vehicle and pulled his previously injured[4] right arm behind his back until the officer realized it could not move in that direction. (*Id.*). Plaintiff alleges that John Doe 2 then placed handcuffs on him. (*Id.*).

---

[2] Plaintiff does not distinguish between the different John Doe officers in his Complaint, but for clarity, the Court will distinguish between the officers as John Doe 1 and John Doe 2.

[3] Although Plaintiff does not connect the arresting John Doe officers to the Zachary Police Department, the Court will construe them as such given the Plaintiff's *pro se* status. Plaintiff names as John Doe defendants agents and/or employees of the Zachary Police Department and agents and/or employees of the East Baton Rouge Parish Sheriff's Department. Furthermore, Plaintiff alleges damages for actions that occurred during his arrest and while he was in custody at the East Baton Rouge Parish Prison ("EBRPP"). Since the Sheriff is the keeper of the public jail of his parish pursuant to La. Rev. Stat. 15:704, the Court finds that the Plaintiff's allegations in regards to his detention at EBRPP are against the Sheriff's Department. Accordingly, the Court finds that the Plaintiff's allegations regarding his arrest are against the Zachary Police Department.

[4] Plaintiff alleges that he is disabled from a work related injury that occurred in 2001 that resulted in his right arm having a limited range of motion.

Following the arrest, Plaintiff alleges that one of the John Doe officers transported him and the unidentified individual to the East Baton Rouge Parish Prison ("EBRPP"). (*Id.*). Plaintiff alleges that while being driven to the jail, the officer drove in a "reckless and lawless fashion that both men fell onto each other as a result." (*Id.*). Plaintiff alleges that the officer intentionally sped around corners and through traffic lights. (*Id.*).

Plaintiff further alleges that he was held in EBRPP for four days without probable cause. (*Id.*). Plaintiff claims that he and the unidentified individual, who Plaintiff contends was the actual offender, repeatedly asserted that Plaintiff was not involved and was innocent. (*Id.*). During the four day period he was in custody, Plaintiff alleges that he was not given phone access to notify anyone of his whereabouts and he was not provided required prescription medications.[5] (*Id.*). Plaintiff additionally alleges that the "staff" was well aware that he was suffering from back and neck pain and that his blood pressure was dangerously high. (*Id.*). Due to the actions of the Defendants, Plaintiff alleges that he suffered physical harm, emotional distress, damage of reputation, and loss of enjoyment of life.

## II.   LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

---

[5] Plaintiff alleges that he needed medication for blood pressure, insomnia, chronic pain, allergy, potassium and depression. (Doc. 1-2 at 3).

3

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). Hence, a complaint need not set out "detailed factual allegations," but something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required. *Twombly*, 550 U.S. at 555.

Further, the United States Supreme Court has noted that Rule 12(b)(6) requires dismissal whenever a claim is based on an invalid legal theory:

> Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously insupportable. On the contrary, if as a matter of law "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," . . . a claim must be dismissed, without regard to whether it is based on an outlandish legal theory, or on a close but ultimately unavailing one.

*Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (internal citations omitted). When a complaint fails to satisfy these principles, "this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

## III. DISCUSSION

### A. 42 U.S.C. § 1983 Claims

Title 42 U.S.C. § 1983 imposes liability on every person acting under color of state law that deprives another of rights or privileges secured by the Constitution or laws of the United States. Under § 1983, a claim against a public official can be brought against the official in his official or individual capacity, or both. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (discussing the distinction between individual and official capacity claims under § 1983). Since the face of the Plaintiff's Complaint is unclear as to whether he has named Defendant in his official or individual capacity, the Court shall liberally interpret the plaintiff's *pro se* Complaint as naming the Defendant in both capacities. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (stating *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers).

With respect to the Plaintiff's official capacity claim, the generic pleading requirements of Rule 8 of the Federal Rules of Civil Procedure govern. *Anderson v. Pasadena Indep. Sch. Dist.*, 184 F.3d 439, 443 (5th Cir. 1999). Thus, Plaintiff need only provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A plaintiff suing governmental officials in their individual capacities, however, must allege specific conduct giving rise to a constitutional violation. *Anderson*, 184 F.3d at 443. This

5

standard requires "more than conclusory assertions"; a plaintiff must allege specific facts giving rise to a constitutional violation. *Baker v. Putnal,* 75 F.3d 190, 195 (5th Cir. 1996). Under these distinguishable standards, the Court will consider the individual and official capacity claims below.

      i.      **Claims against Defendant in his Individual Capacity**

According to the Complaint, Plaintiff's claims against the Defendant are brought pursuant to his supervisory role as the Sheriff of East Baton Rouge Parish. (Doc. 1-2 at 5). In § 1983 actions, supervisory officials are generally not liable for the actions of subordinates under any theory of vicarious liability, including the doctrine of respondeat superior. *Thompkins v. Belt,* 828 F.2d 298, 303 (5th Cir. 1987). "However, a supervisor may be held liable if there exists either (1) his personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Id.* at 304. Nonetheless, Plaintiff does not allege that the Defendant was personally involved in Plaintiff's constitutional deprivation, but alleges that the actions and unlawful conduct of the deputies or other EBRPP employees are "imputed to Sheriff Sid J. Gautreaux under the doctrine of respondeat superior." (Doc. 1-2 at 5).

Since Plaintiff does not allege personal involvement, to succeed on an individual capacity claim against Defendant, Plaintiff must show that: "(1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the

plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference." *Smith v. Brenoesttsy,* 158 F.3d 908, 911–12 (5th Cir. 1998).

"'[D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Board of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 410 (1997) (citing *City of Canton v. Harris,* 489 U.S. 378 (1989)). To demonstrate deliberate indifference, a plaintiff must show: "(1) a pattern of similar violations; (2) that the inadequacy of the training was obvious; and (3) that the inadequacy of the training was obviously likely to result in a constitutional violation." *Burge v. Parish of St. Tammany,* 187 F.3d 452, 466 (5th Cir. 1999). Proof of more than a single instance of the lack of training or supervision causing a violation of constitutional rights is normally required before such lack of training or supervision constitutes deliberate indifference. *Snyder v. Trepagnier,* 142 F.3d 791, 798–99 (5th Cir. 1998) (generally requiring that a plaintiff demonstrate at least a pattern of similar violations); *Thompkins,* 828 F.2d at 304–305.

After reviewing the pleadings, the Court finds that Plaintiff's Complaint fails to satisfy any of the above requirements, and thus, fails to establish a plausible claim against Defendant in his individual capacity for failure to supervise. In addition to not alleging personal involvement, Plaintiff also does not allege a pattern of similar violation or inadequacy of training. Instead, Plaintiff simply states that Defendant is liable under the theory of respondeat superior as the Sheriff of East Baton Rouge Parish, which is not a cognizable theory of liability

under § 1983. Furthermore, Plaintiff fails to allege the requisite connection between the alleged failure to supervise and the alleged constitutional violations that occurred while he was in custody at EBRPP.

As previously noted, a plaintiff suing governmental officials in their individual capacities must allege specific conduct giving rise to a constitutional violation. *Anderson,* 184 F.3d at 443. This standard requires "more than conclusory assertions"; a plaintiff must allege specific facts giving rise to a constitutional violation. *Baker,* 75 F.3d at 195. Plaintiff's pleading is limited to conclusory allegations of supervisor liability, thus, Plaintiff's claims against Defendant in his individual capacity must be dismissed for failure to state a claim for relief.

### ii. Claims against Defendant in his Official Capacity

A suit against a government official in his official capacity is the equivalent of filing suit against the government agency of which the official is an agent. *Burge,* 187 F.3d at 466 (citing *Monell v. New York City Dep't of Soc. Serv. of City of New York,* 436 U.S. 658, 691 n. 55 (1978)). Accordingly, the claims against Defendant in his official capacity as Sheriff are, in effect, claims against the municipal entity he represents, which is East Baton Rouge Parish. *Graham,* 473 U.S. at 165; *see also Bellard v. Gautreaux,* No. CIV.A. 08-627, 2010 WL 3523051, at *4 (M.D. La. Sept. 3, 2010) *amended in part,* No. CIV.A. 08-627, 2010 WL 4977480 (M.D. La. Dec. 2, 2010), *affirmed,* 675 F.3d 454 (5th Cir. 2012) and *affirmed,* 675 F.3d 454 (5th Cir. 2012).

Municipalities and other local government entities may be held liable under § 1983 for the constitutional torts of its agents only when an official policy of the entity itself caused the deprivation of the plaintiff's rights. *Monell*, 436 U.S. 658; *Pembaur v. City of Cincinnati*, 475 U.S. 469, 477-79 (1986). To succeed on such a claim, Plaintiff must establish: (1) an official policy or custom, of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose "moving force" is that policy or custom. *Valle v. City of Houston*, 613 F.3d 536, 541–42 (5th Cir. 2010).

The Fifth Circuit defines an official policy as:

> 1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or
>
> 2. A persistent, widespread practice of city officials or employees, which although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority.

*Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984) (en banc). Although "a single decision may create [local entity] liability *if* that decision were made by a final policymaker responsible for that activity," *Bennett v. Pippin*, 74 F.3d 578, 586 (5th Cir. 1996) (internal quotations and citations omitted) (emphasis in original),

9

absent an official policy, actions of officers or employees of local government entities do not render the entity liable under § 1983.[6] *Id.*

Here, Plaintiff does not allege that the actions of the deputies and other EBRPP employees were pursuant to a policy or a custom of Defendant or East Baton Rouge Parish. Without any such allegations, the Plaintiff's claims against Defendant in his official capacity must be dismissed for failure to state a claim for relief.

B. State Law Claims

Plaintiff brought state law claims for negligence, excessive force, assault and battery by officers, intentional infliction of emotional distress, false arrest, false imprisonment, malicious prosecution, discrimination, jail or prison abuse, and age discrimination. (Doc. 1-2 at 5). In bringing these claims, Plaintiff sought to invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367.

A district court may decline to exercise supplemental jurisdiction if: "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c); *Pierce v. Hearne Indep. Sch. Dist.*, 600 F. App'x 194, 201 (5th Cir. 2015). Where all federal claims have been dismissed,

---

[6] Indeed, "Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell*, 436 U.S. at 691. Thus, a municipality cannot be held liable under § 1983 for the tortious behavior of its employees under a theory of respondeat superior. *Id.*

10

there is "a powerful reason to choose not to continue to exercise jurisdiction." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988).

Since the Court has determined that Plaintiff's federal law claims against Defendant under § 1983 shall be dismissed, the Court declines to exercise supplemental jurisdiction over the Plaintiff's pendent state law claims.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant Sheriff Sid J. Gautreaux, III's **Motion to Dismiss (Doc. 3)** is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's 42 U.S.C. § 1983 claim against Defendant Sheriff Sid J. Gautreaux, III is **DISMISSED WITH PREJUDICE**. This Court declines jurisdiction over any pendent state law claims, and those claims are **DISMISSED WITHOUT PREJUDICE**.

Baton Rouge, Louisiana, this 20th day of November, 2015.

_____
**BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**