UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MATTHEW J. CANNON

CIVIL ACTION

VERSUS

OFFICER B. TAYLOR, ET AL.

NO.: 15-00621-BAJ-SCR

## RULING AND ORDER

Before the Court is an unopposed **Motion to Dismiss (Doc. 6)** filed jointly by Officer B. Taylor, the City of Zachary, and the Zachary Chief of Police, David McDavid (collectively, "Defendants"), which seeks an order from the Court dismissing Plaintiff Matthew J. Cannon's ("Plaintiff") claims against them pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). The Court has laid out the factual background of this matter in detail in a motion to dismiss filed by Sheriff Sid J. Gautreaux, III. (Doc. 5). Accordingly, the Court does not find it necessary to rehash the facts that underlie Defendants' motion. For the reasons stated below, Defendants' motion is **GRANTED**.

## I.   LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). Hence, a complaint need not set out "detailed factual allegations," but something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required. *Twombly*, 550 U.S. at 555.

Further, the United States Supreme Court has noted that Rule 12(b)(6) requires dismissal whenever a claim is based on an invalid legal theory:

> Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously insupportable. On the contrary, if as a matter of law "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," . . . a claim must be dismissed, without regard to whether it is based on an outlandish legal theory, or on a close but ultimately unavailing one.

*Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (internal citations omitted). When a complaint fails to satisfy these principles, "this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

## II.   DISCUSSION

A careful review of Plaintiff's complaint reveals that it sets forth insufficient factual matter to demonstrate a plausible entitlement to relief against Officer B. Taylor under 42 U.S.C. § 1983. Plaintiff's complaint simply asserts that Officer B.

2

Taylor is an employee of the Zachary Police Department who acts under the direction and supervision of the Zachary Chief of Police. (Doc. 1-2 at ¶¶ 1. A., 18). The complaint otherwise fails to allow the Court to draw a reasonable inference that Officer B. Taylor was somehow involved in Plaintiff's arrest and confinement, which are the underlying events that give rise to his constitutional claim.[1] As a result, the Court finds that dismissal of Plaintiff's constitutional claim against Officer B. Taylor is warranted pursuant to Rule 12(b)(6).

Likewise, Plaintiff's complaint asserts insufficient factual matter to give rise to a plausible entitlement to relief against Zachary Chief of Police, David McDavid, in his official capacity (hereinafter, "Chief McDavid") or the City of Zachary. Plaintiff's complaint definitively states that Chief McDavid was sued in his official capacity and not his individual capacity. (Doc. 1-2 at ¶ 1. C.). It appears that the sole basis for Plaintiff's claim against Chief McDavid is his assertion that the conduct of two John Doe defendants "are imputed" to him "under the doctrine of respondeat superior." (Doc. 1-2 at ¶ 18). Supervisory officials, however, cannot be held liable under section 1983 for the actions of subordinates on any theory of vicarious or respondeat superior liability. *Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005).[2]

---

[1] Plaintiff's complaint, as written, only permits the Court to determine that Officer(s) John Doe effectuated his arrest. (*Id*. at ¶¶ 7—10). It is unclear if Officer B. Taylor had any involvement in Plaintiff's arrest or transport to the East Baton Rouge Parish Prison.

[2] Plaintiff has not asserted a claim against Chief McDavid for failure to train or failure to supervise, nor has he alleged that Chief McDavid was personally involved in his arrest and confinement.

Furthermore, liability for city officials in their official capacities is simply another form of action against the city, and it requires the same showing that a policy or custom caused the alleged constitutional violation. *Valle v. City of Houston*, 613 F.3d 536, 541—42 (5th Cir. 2010); *Burge v. Parish of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999) (citing *Monell v. Dept. of Soc. Servs. of City of New York*, 436 U.S. 658, 691 n. 55 (1978)). Plaintiff's complaint is wholly devoid of any allegation that he was injured as result of a policy or custom explicitly or implicitly approved by Chief McDavid or the City of Zachary. For this reason, the Court finds that dismissal of Plaintiff's constitutional claims against Chief McDavid in his official capacity and the City of Zachary is warranted pursuant to Rule 12(b)(6).

Having dismissed Plaintiff's constitutional claims against Defendants, the Court declines to exercise supplemental jurisdiction over the remaining state law claims that Plaintiff has asserted against them. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 434, 351 (recognizing that when all federal claims have been dismissed, there is "a powerful reason to choose not to continue to exercise jurisdiction").

### III.   CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Motion to Dismiss (Doc. 6)** filed jointly by Defendants is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants under 42 U.S.C. § 1983 are **DISMISSED WITHOUT PREJUDICE**. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims against Defendants, and those claims are similarly **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff has 60 days from issuance of this Ruling and Order to amend his complaint to properly identify the remaining defendants currently referred to as John Doe or his claims against them will be dismissed without prejudice pursuant to Rule 41(b).

Baton Rouge, Louisiana, this _1ST_ day of March, 2016.

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**